PER CURIAM.
This appeal arises out of the trial court’s grant of a motion for directed verdict.
Leonard Lancaster filed suit against James Kohn alleging, among other things, that Kohn committed fraud when he performed paint and body work on Lancaster’s truck. Following the presentation of Lancaster’s case, Kohn moved for and was granted a directed verdict on the fraud count.
Lancaster appeals, asserting that a scintilla of evidence existed to support his fraud claim and, consequently, the trial court erred in directing a verdict on the fraud count.
A directed verdict is improper if the evidence itself, or any reasonable inference drawn from it, provides even a mere gleam in support of the theory of the complaint. Pate v. Sunset Funeral Home, 465 So.2d 347 (Ala.1984). Consequently, we review all the evidence and the reasonable inferences that the jury might have drawn from it and ask: Did a scintilla of evidence exist to support Lancaster’s allegations of fraud? Thomaston v. Thomaston, 468 So.2d 116 (Ala.1985).
Our careful review of the record indicates that the required scintilla existed. Pursuant to section 6-5-101, Code 1975, fraud occurs when one party misrepresents a material fact, either willfully intending to deceive or recklessly without knowledge, and then these misrepresentations are acted upon by the relying party. The misrepresentation(s) may also be made innocently or mistakenly. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala.1981); § 6-5-101, Code 1975.
Viewing the record with the attendant standard in mind, the following was before the trial court. Lancaster took his truck to Kohn to have it fully primed and painted. Kohn represented that this work *22 would be done. However, testimony indicated the promised work was not performed. Further, testimony indicated that Kohn specifically instructed his employee not to completely prime the truck before painting it. In other words, he instructed his employee not to do the very thing Lancaster requested.
Lancaster relied on Kohn’s assurances and was damaged as a result. The work was not done correctly and the truck’s paint is now peeling. Lancaster introduced several estimates as to the cost of a new paint job.
In light of this evidence, we find that the trial court erred in granting the directed verdict, and we reverse its judgment. The cause is remanded for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.